# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rosamond Kamara<br>**Plaintiff**<br><br>V.<br><br>American Bar Association; State of South Carolina; Charleston City; South Carolina Bar Association; Mary Smith; and J. Hagood Tighe.<br>**Defendants** | Civil<br><br>**COMPLAINT**<br><br>Case No. 2:23-cv-4356-DCN-MGB<br><br>**Jury Trial DEMANDED** |

Plaintiff for her complaint states and alleges as follows;

RECEIVED USDC
CLERK, CHARLESTON, SC
2023 AUG 30 AM 8:56

## I. THE PARTIES

**The Plaintiff:**
Rosamond V. Kamara
2403 Mall Drive #7111; N. Charleston; SC 29406

**The Defendants:**

(1) America Bar Association
1050 Connecticut Avenue Northwest, 400 Washington, District of Columbia, 20036

(2) State of South Carolina
The Honorable Alan Wilson. P.O. Box 11549. Columbia, S.C. 29211

(3) Charleston City
80 Broad Street. Charleston, South Carolina 29401-0304

(4) South Carolina Bar Association
P.O. Box 608, Columbia, SC 29202

(5) Mary Smith; the President of the American Bar Association
(Individual address not known.)

(6) J. Hagoodd Tighe; the President of the South Carolina Bar Association
(Individual address not known.)

## II. BASIS FOR JURISDICTION

This Court has jurisdiction. The venue lies properly in Charleston County, SC.

## III. STATEMENT OF CLAIM

A. The events that gave rise to Plaintiff Claim occurred while defendant is living in Charleston County, South Carolina.

B. The events that gave rise to Plaintiff Claim occurred around January 2023 to Present.

C. *FACTS*
Plaintiff was a student at Charleston School of Law. A law School that was accredited and recognized by the Defendants. Defendant ABA is an institution that was formed for the primary foundation of preventing Minorities from getting involved in the legal field. Defendants made Charleston School of Law formally and legally recognizable. It is

because of Defendants negligent that Charleston School of Law existed. It is because of the defendants negligent that Charleston School of Law has tortured the plaintiff. It is the defendants' fault and negligence that the Plaintiff suffered injury from the Charleston School of Law. It is because of Defendants' recognition; the plaintiff applied and accepted the offer from Charleston School of Law. Plaintiff has now suffered injustices and injury from the Charleston School of Law.

Plaintiff Law Professor by the name of William Merkel wrote a gross lying defamatory and racist email to the academic dean about plaintiff; in which the Charleston School of law stated and affirmed that they are standing by the lying and racist professor whose sole aim was to derail Plaintiff's legal education with his gross lies. Plaintiff was kicked out of the Charleston School of Law because she stood up against their oppression which includes the oppression of minorities at the school. Charleston School of law attempted to pin plaintiff has mentally unstable because she stood up against their oppression. Charleston School of law then facilitated the illegal forceful admission of Plaintiff into a psych ward. Plaintiff was treated like a criminal and her life put in danger by the Charleston School of Law, the law school sent out nasty and malicious emails to the entire School labelling the plaintiff as a criminal because the plaintiff stood up against their oppression. This is the school that the Defendants recognized as a Law School which made Plaintiff attended the school in the first place.

### *D. COUNTS*

#### (1) NEGLIGENT

All the defendants owed a duty to protect the plaintiff's (students which includes law students) from irresponsible and evil schools like the Charleston School of Law.

Defendants breached this duty when they recognized Charleston School of Law as a School and a Law School and then failed to properly assess; supervise; and audit the conduct of Schools (the Charleston School of Law).

Because of this breached, Plaintiff has suffered damages.

### IV. INJURY

a. The defendants' conduct has caused the Plaintiff to suffer and Incurred profitless Student Loans.

b. The defendants' conduct has caused the Plaintiff to suffer severe shame; embarrassment; and humiliation.

c. The defendants' conduct has caused the Plaintiff to suffer severe emotional distress.

d. The defendants' conduct has caused the Plaintiff to incur severe aggravated anxiety; depression; and ptsd.

e. The Defendants' conduct has caused Plaintiff worrying about Plaintiff safety due to the risk that the Charleston School of Law has levied on plaintiff's life.

f. The Defendants' conduct has ruined Plaintiff's reputation.

g. Plaintiff has now incurred an aggravated lack of trust in others and lack of trust in the United States educational system, the South Carolina States educational system, the entire legal and schooling system.

h. Plaintiff has suffered many sleepless nights; panic attacks; and mental breakdowns.

i. Defendants' conduct has caused Plaintiff Pain and Suffering.

j. The defendants' conduct has caused Plaintiff to suffered unnecessary and preventable cruel and unusual punishment including an unlawful admission into a psych ward perpetuated by the Charleston School of Law.

## V.  **REQUEST FOR RELIEF**

Wherefore, Plaintiff respectfully request that the Court:

1. Declare that Defendants' conduct, as set forth above, unlawful;

2. Declare that defendants investigate the Charleston School of Law for further racist, bias, discrimination, and unethical behaviors;

3. Declare that Defendants ABA and Mary Smith removed the ABA accreditation status of Charleston School of Law for racism, bias, discrimination, and unethical behavior;

4. Declare that Defendants 'State of South Carolina; Charleston City; South Carolina Bar Association; and J. Hagood Tighe' unrecognized Charleston School of Law as an accredited School within their vicinities;

5. Enter judgement in Plaintiff's favor on her claims against Defendants in an amount exceeding $50,000, the exact amount to be proven at trial;

6. Allow Plaintiff's damages to compensate her for the injuries she suffered as a result of Defendants' unlawful conduct;

7. Grant Plaintiff leave to amend the complaint to seek other damages.

8. Grant Plaintiff leave to amend the Complaint if the Court finds it deficient in any way;

9. Allow Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees;

10. Grant Plaintiff all other statutory relief to which she is entitled;

11. Grant any other relief the Court deems just and equitable.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. PRO SE LITIGANT

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/29/2023

Signature of Plaintiff: *ROSAMOND V. KAMARA* \

Printed Name of Plaintiff: Rosamond V. Kamara